**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 19-99-DLB**

**M.L. JOHNSON FAMILY PROPERTIES, LLC**                                    **PLAINTIFF**

**v.**                         **MEMORANDUM OPINION AND ORDER**

**DAVID BERNHARDT, Secretary of the Interior**                              **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Plaintiff M.L. Johnson Family Properties, LLC's Motion for Summary Judgment, (Doc. # 20), to which Defendant David Bernhardt, Secretary of the Interior, filed a Cross Motion for Summary Judgment, (Doc. # 21).  The Motions have been fully briefed, (Doc. # 22), and are now ripe for the Court's review.  For the reasons set forth herein, Plaintiff's Motion for Summary Judgment is **denied** and Defendant's Cross Motion for Summary Judgment is **granted**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff M.L. Johnson Family Properties, LLC ("Johnson") filed this action against David Bernhardt, Secretary of the Interior ("the Secretary"), to obtain review of the denial of Johnson's petition for an award of attorney's fees under 30 U.S.C. § 1275(e) of the Surface Mining Control and Reclamation Act ("SMCRA").  Johnson's petition for attorney's fees was denied by the Interior Board of Land Appeals ("the Board") following the below sequence of events.

This case has a long and complex history of administrative agency actions and court decisions in both the Eastern District of Kentucky and the Sixth Circuit Court of

1

Appeals, but only a basic description of the underlying factual dispute is needed. The dispute revolves around the surface mining of "Tract 46," a plot of land in Pike County, Kentucky. *M.L. Johnson Family Props., LLC v. Bernhardt*, 924 F.3d 842, 845 (6th Cir. 2019). Johnson, the partial surface owner of Tract 46, objected to surface mining by Premier Elkhorn ("Elkhorn"), an affiliate of Pike Letcher Land Company ("PLLC"), who also partially owns the surface estate and is the sole owner of the mineral estate below. *Id.* The State of Kentucky, over Johnson's objections, granted Elkhorn a surface mining permit, which Johnson challenged the validity of through a number of lawsuits and administrative agency actions. *Id.* Ultimately, after the events described below, the Sixth Circuit affirmed the Secretary's decision to issue Elkhorn a mining permit, as it complied with federal law.[1] *Id.*

After the Office of Surface Mining Reclamation and Enforcement ("OSM"), a bureau of the United States Department of the Interior, issued a Cessation Order ("CO") to Elkhorn for mining without a valid surface mining permit, Elkhorn filed an application for review arguing its permit was valid. OSMRE 000884. Johnson intervened in the action. *Id.* After the filing of Elkhorn's application for review, OSM determined that actions taken by Elkhorn and the Kentucky Energy and Environment Cabinet resolved the violations. *Id.* Therefore, an additional motion was filed to approve the termination of the CO. *Id.* The Administrative Law Judge, Harvey C. Sweitzer, determined that OSM had properly issued the CO, but also approved OSM's request to terminate the order. OSMRE 000909.

---

[1] Following the outcome at the Sixth Circuit, Plaintiff and Defendant sought recovery for costs and attorneys' fees stemming from the lawsuit. *M.L. Johnson Family Props., LLC v. Bernhardt*, No. 7:16-cv-6, 2020 WL 6111957 (E.D. Ky. Oct. 16, 2020). Judge Caldwell denied both motions. *Id.* at *1.

Johnson appealed the portion of the ALJ's decision allowing for termination of the CO.  OSMRE 000818.  Johnson further petitioned for a stay of the decision to terminate the CO until the ALJ's decision was reviewed by the Interior Board of Land Appeals.  OSMRE 000805.  In response to Johnson's appeal, OSM contended that the appeal and stay petition must be dismissed because the ALJ lacked jurisdiction to terminate the CO.  OSMRE 000328.  The Board decided, in the case styled as IBLA 2015-73, that the ALJ did lack jurisdiction to approve the termination of the CO, and therefore dismissed Johnson's appeal as moot.  *Id.*  In its decision, the Board noted that it would not "address the validity of OSM's issuance of the CO . . . but, rather, only *the validity of ALJ Sweitzer's approval of OSM's proposed termination of the CO*."  OSMRE 000340 (emphasis in original).  The Board ultimately decided that ALJ's Sweitzer's ruling terminating the CO "was issued without the appropriate jurisdiction" and any appeal by Johnson may only follow after OSM, not the ALJ, terminates the CO.[2]  OSMRE000345.  The Board noted that because it vacated the ALJ's decision on jurisdictional grounds, it was appropriate "to dismiss Johnson's appeal and corresponding stay petition as moot, since it only seeks to appeal and stay this aspect of the decision."  OSMRE 000346.

Following the Board's decision, Johnson petitioned for an award of costs and expenses in connection with the appeal and ultimate decision in IBLA 2015-73 pursuant to 30 U.S.C. § 1275(e) and 43 C.F.R. §§ 4.1290-4.1295.  OSMRE 000254-55.  Johnson's petition was denied.  OSMRE 000001.  In its decision, the Board explained that for a fee petition to be successful, the petitioner must show it is both (1) eligible for and (2) entitled to the award:

---

[2]  Shortly after the ALJ's decision, the OSM held a separate hearing in which it terminated the CO.  OSMRE 000005.

> To be *eligible* for a fee award, the petitioner must not only participate in a SMCRA proceeding that resulted in a final order by an administrative law judge or the Board, but also "prevail[] in whole or in part, achieving at least some degree of success on the merits"; to be *entitled* to a fee award, the petitioner must have "made a substantial contribution to a full and fair determination of the issues."

OSMRE 000001-2 (alterations in original) (citations omitted). While the Board ultimately decided that Johnson achieved some degree of success on the merits, because the administrative proceeding resulted in an order vacating the termination of the cessation order, Johnson failed to make "a substantial contribution to resolving the issues decided in [the Board's] final order" and therefore could not meet the entitlement requirement. *Id.* The Board stated the key to the entitlement requirement is "'the existence of a causal nexus between [a petitioner's] action in prosecuting the Board appeal and the relief obtained,' which depends on 'the totality of the circumstances.'" OSMRE 000006 (quoting *West Virginia Highlands Conservancy, Inc. v. OSM (WVHCI)*, 181 IBLA 31, 46-47 (2011)). The Board decided that while Johnson had argued for a more expansive interpretation of jurisdiction over cessation order terminations, these jurisdictional arguments were not followed by the Board. OSMRE 000009. In explaining its entitlement determination, the Board thoroughly discussed the arguments of each of the parties as they related to jurisdiction:

> Johnson's legal arguments on the merits were not addressed by the Board because we vacated the ALJ Decision on jurisdictional grounds, and the jurisdictional arguments Johnson made to the ALJ were not followed because the Board was "inclined to OSM's position" that issuing a CO and terminating that CO are functionally independent. Consequently, we find that Johnson's prosecution of its appeal did not contribute to the result obtained by the Board's order. In addition, we reject Johnson's argument that it is entitled to an award of attorney's fees because it "articulat[ed] the case for more extensive OHA jurisdiction . . . ." In its appeal to the Board, Johnson made no jurisdictional arguments; its arguments were entirely focused on its position that the permit allowing mining on Tract 46 was invalid. And although Johnson made jurisdictional arguments in the ALJ

4

> proceedings, the ALJ rejected them. Any link between Johnson's jurisdictional arguments in the ALJ proceedings and our order vacating the ALJ Decision on jurisdictional grounds is too tenuous to satisfy any meaningful application of the "casual nexus" requirement.

OSMRE 000009. In support of this conclusion, the Board pointed to a number of cases, including *WVHCI*, where the Board determined the petitioner was not entitled to a fee award because, like Johnson, "it had not made any jurisdictional arguments before the Board, was not deprived of an opportunity to do so," and the Board vacated on jurisdictional grounds "on its own initiative." OSMRE 000010. Further, the Board did not find persuasive Johnson's argument that the requested stay should be considered a substantial contribution because Johnson's filing of a stay petition *automatically* resulted in a temporary stay without further action by Johnson. OSMRE 000009. Finding that the causal nexus was lacking between Johnson's appeal and the Board's final order, the Board denied Johnson's petition for fees. OSMRE 000010.

## II.     ANALYSIS

### A.     Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Plant v. Morton Int'l Inc.*, 212 F.3d 929, 934 (6th Cir. 2000)). In deciding a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Following the Court's review of the record, if a "rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

> B. **Overview of the Surface Mining Control and Reclamation Act and Attorney's Fees**

The Surface Mining Control and Reclamation Act ("SMCRA") was enacted in part to create "a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. § 1202(a). In order to carry out the purposes of the Act, the statute established the Office of Surface Mining Reclamation and Enforcement ("OSM"), as a division under the Department of the Interior. *Id.* § 1211. Although recovery of attorney's fees is not inherent in the United States' judicial system, as part of SMCRA, an attorney's fees provision was included. The provision, 30 U.S.C. § 1275(e), allows a party to request attorney's fees under the SMCRA "[w]henever an order is issued . . . or as a result of any administrative proceeding." However, the Secretary may award these fees as he or she "deems proper." *Id.* The Supreme Court has determined that "[a] court should not award fees under a 'whenever appropriate' statute unless the claimant achieved 'some degree of success on the merits.'" *M.L. Johnson Family Props., LLC v. Bernhardt*, No. 7:16-6-KKC-EBA, 2020 WL 6111957, at *2 (E.D. Ky. Oct. 16, 2020) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 693-94 (1983)).

The attorney's fees provision of the SMCRA and the success on the merits requirement is further explained by the regulations found in 43 C.F.R. §§ 4.1290 through 4.1296. A person may file for an award of attorney's fees under the SMCRA as long as

6

the administrative proceeding results in either "[a] final order being issued by an administrative law judge" or "[a] final order being issued by the Board." 43 C.F.R. § 4.1290(a). A person who "initiates or participates in any proceeding under the Act, and who prevails in whole or in part, achieving at least some degree of success on the merits, upon a finding that such person made a substantial contribution to a full and fair determination of the issues," may receive attorney's fees from OSM directly. *Id.* § 4.1294(b).

### C. Johnson's Failure to Meet the Entitlement Requirement

Neither the Secretary nor the Board challenges three of the requirements in 43 C.F.R. § 4.1294(b) – (1) that there was a final order, (2) that Plaintiff participated in the proceedings, or (3) that Plaintiff achieved partial success on the merits. Instead, the Board challenged, and the Secretary defends, the latter part of the regulation which has been interpreted as the "entitlement requirement," which necessitates that a person has made a substantial contribution to the Board's determination. 43 C.F.R. § 4.1294(b). This requires that "the appeal had some bearing on the actions ultimately taken by OSM officials. In other words, there must be a causal nexus between the plaintiffs' actions in prosecuting the appeal to the Board and the corrective actions taken by OSM." *Kentucky Res. Council, Inc. v. Babbitt*, 997 F. Supp. 814, 820 (E.D. Ky. 1998) (internal citation omitted). The Ninth Circuit has explained that whether the entitlement requirement is met "in substance is a factual determination" that is to be made by the agency. *Black Mesa Water Coal. v. Jewell*, 776 F.3d 1055, 1059 (9th Cir. 2015). Similarly, the Fourth Circuit has held that the entitlement determination is "for the Board to decide," and if the Board did not engage in this determination, the matter should be remanded "to the Board for the

7

appropriate factfinding." *West Virginia Highlands Conservancy, Inc. v. Norton*, 343 F.3d 239, 248-49 (4th Cir. 2003).  Further, the SMCRA provides that the findings of the Secretary that are "supported by substantial evidence on the record considered as a whole, shall be conclusive."  30 U.S.C. § 1276(b).

Therefore, to determine whether remand is appropriate, the district court should evaluate the Board's finding regarding the entitlement requirement under the "substantial evidence standard."  *Black Mesa Water Coal.*, 776 F.3d at 1059 (internal quotation marks omitted).  This standard means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1068-69 (6th Cir. 2013) (quoting *Kolesar v. Youghiogheny & Ohio Coal Co.*, 760 F.2d 728, 729 (6th Cir. 1985)).  The Court should not "reweigh the evidence or substitute [ ] judgment for that of the ALJ," or in this case the Board.  *Tennessee Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir. 2001).  Therefore, if the "ALJ's conclusions are supported by the evidence, they will not be reversed, 'even if the facts permit an alternative conclusion.'"  *Id.* (quoting *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).  The Court finds that the substantial evidence standard of review is appropriate in this scenario as the Secretary's regulations explicitly lay out a standard to be applied by the Board, and the Board acts as a factfinder in deciding whether an award is justified under 43 C.F.R. § 4.1294(b).[3]

---

[3] Johnson instead argues for application of the arbitrary and capricious standard, citing 30 USC § 1275(a)(1)-(2) to support this premise.  But that section only discusses review of a permit issued under SMCRA.  Moreover, in Johnson's initial briefing as well as subsequent briefings, it also advocated for the substantial evidence standard. (Docs. # 21-1 at 15 and 22 at 4).  Regardless, the standards are similar in that both allow for remand to the Board if the Board did not holistically consider the administrative record in making its decision.

The Board denied Johnson's petition for attorney's fees because "Johnson's prosecution of its appeal did not contribute to the result obtained by the Board's order," and therefore could not meet the "causal nexus" requirement. OSMRE 000009. In short, the Secretary argues that Johnson did not meet the entitlement requirement because the grounds for the Board's decision rested on a jurisdictional argument that was not presented by Johnson. (Doc. # 21-1 at 15-16). In response, Johnson argues that it made jurisdictional arguments, albeit not ones that the Board accepted, that the stay achieved by Johnson is sufficient to meet the causal nexus requirement, and that the Board's decision failed to evaluate the record holistically. (Doc. # 20-1 at 3, 13, 15, and 16-17). Johnson's arguments are misplaced.

First, Johnson did not make jurisdictional arguments that were ultimately relied upon by the Board. Johnson does not contend otherwise, instead alleging the Board did not take into account the entirety of the record when evaluating its request for attorney's fees and refused to "acknowledge the decisions" in a number of potentially relevant cases in the Sixth Circuit. (Doc. # 20-1 at 13-14). Johnson further cherry-picks a quote from the Board's decision—"Johnson did not make any jurisdictional arguments before the Board"—to support the argument that the Board did not consider the entire record. (*Id.* at 18). This argument is misguided. This portion of the Board's opinion refers to Johnson's appeal and petition for a stay presented to the Board, in which Johnson did not make a single jurisdictional argument. OSMRE 000733-43. In the Board's decision, it acknowledged that while Johnson did make jurisdictional arguments to the ALJ, the ALJ did not adopt these arguments and on appeal Johnson argued that the termination of the cessation order was improper on other grounds. OSMRE 000009. In fact, in Johnson's

Petition for Stay, Johnson emphasized its argument that the core dispute surrounding the cessation order revolves around whether regulatory authorities may approve applications for permits for surface mining when the mineral estate is severed from the surface estate. OSMRE 0000734.  Following this Petition, OSM moved the Board to dismiss Johnson's appeal on jurisdictional grounds.  OSMRE 000612.  In reply, Johnson stated in no uncertain terms that the Board did have jurisdiction to hear its appeal and make a finding on the merits even if the ALJ did not have jurisdiction to terminate the CO.  OSMRE 000561.  Johnson further argued that Judge Sweitzer was vested with jurisdiction to terminate the CO.  OSMRE 000571.  In short, Johnson's only jurisdictional arguments, presented for the first time to the Board in a reply brief, ran contrary to the Board's ultimate decision.  Johnson's appeal focused on whether the termination of the cessation order was appropriate on the merits, not whether the ALJ had jurisdiction to terminate the CO. Because Johnson did not make a substantial contribution to the Board's determination due to its failure to present any arguments that the Board ultimately found persuasive, there could be no finding that Johnson was entitled to attorney's fees.

Second, as explained in the Board's decision, a stay alone is not sufficient to meet the casual nexus requirement.[4]  OSMRE 000009.  The Board explained that because Johnson's filing of a stay petition automatically resulted in a temporary stay of the ALJ's decision, "there was no substantial contribution by Johnson that resulted in a stay."  *Id.* In support of this finding, the Board cited 43 C.F.R. § 4.21(a)(2), which states, "[a] decision will become effective on the day after the expiration of the time during which a person adversely affected may file a notice of appeal *unless a petition for stay pending appeal is*

---

[4]   Johnson itself acknowledges that "a stay of decision, standing alone, may indeed fall short of a 'substantial contribution to a full and fair determination of the issues.'"  (Doc. # 20-1 at 16).

10

*filed together with a timely notice of appeal*." (emphasis added). By the Board's reasoning, this regulation means that a petition for stay, once filed, will automatically stay the ALJ's order while the appeal is adjudicated and therefore Johnson did not substantially contribute to achieving a stay. While the facts conceivably may have permitted an alternate conclusion, because the entitlement requirement is a factual question "for the Board to answer in the first instance," this Court may not substitute its opinion for that of the Board. *West Virginia Highlands Conservancy, Inc.*, 343 F.3d at 248; *Tennessee Consol. Coal*, 264 F.3d at 606. Further, because Johnson did not present relevant jurisdictional arguments, by definition, it did not "contribute to a full and fair determination of the issues," even if its stay petition was the catalyst for the appeal. 43 C.F.R. § 4.1294(b).

As discussed above, the substantial evidence standard is satisfied if there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Big Branch Res.*, 737 F.3d at 1068-69 (quoting *Kolesar*, 760 F.2d at 729). Upon review of the record, including the Board's decision, it is clear that the Board took the entirety of the record into account when evaluating Johnson's claim. Therefore, the Court finds that based on the Board's holistic review and Johnson's lack of relevant jurisdictional arguments, there was substantial evidence supporting the Board's finding that Johnson was not entitled to attorney's fees.

### III.     CONCLUSION

Thus, for the reasons articulated herein, **IT IS HEREBY ORDERED** as follows:

(1)     Plaintiff's Motion for Summary Judgment (Doc. # 20) is **DENIED**;

(2)    Defendant's Cross Motion for Summary Judgment (Doc. # 21) is **GRANTED**;

(3)    Plaintiff's Complaint (Doc. # 1) is **dismissed with prejudice**; and

(4)    A Judgment shall be filed contemporaneously herewith.

This 20th day of January, 2021.

Signed By:
*David L. Bunning*   DB
United States District Judge

J:\DATA\ORDERS\PikeCivil\2019\19-99 MOO.docx